UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

DANIEL FRIEDMAN,

    Plaintiff,

    v.

POCONO BW, INC., et al.,

    Defendants.

CIVIL ACTION NO. 3:24-CV-882

(SAPORITO, J.)

## <u>ORDER</u>

Now before the Court is the plaintiff's partial motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. (Doc. 46). The plaintiff asks the Court to grant partial summary judgment with respect to causation of the plaintiff's left ankle injuries in addition to the cost of the plaintiff's future medical treatment in the amount of $54,932.36. (*Id.*).

Rule 56 of the Federal Rules of Civil Procedure dictates summary judgment should only be granted if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" only if it might affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute of material fact is "genuine" only if the evidence "is such that a

reasonable jury could return a verdict for the non-moving party." *Id.* at 248. In deciding a summary judgment motion, all inferences "should be drawn in the light most favorable to the non-moving party, and where the non-moving party's evidence contradicts the movant's, then the non-movant's must be taken as true." *Pastore v. Bell Tel. Co. of Pa.*, 24 F.3d 508, 512 (3d Cir. 1994).

Parties seeking summary judgment bear "the initial responsibility of informing the district court of the basis for its motion," and demonstrating the absence of a genuine dispute of material fact. *Celotext Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant makes such a showing, the non-movant must set forth specific facts, supported by the record, demonstrating that "the evidence presents a sufficient disagreement to require submission to the jury." *Anderson*, 477 U.S. at 251–52. A court must first determine if the moving party has made *prima facie* showing that it is entitled to summary judgment when evaluating such a motion. *See* Fed. R. Civ. P. 56(a); *Celotex*, 477 U.S. at 331. Only once that *prima facie* showing has been made does the burden shift to the nonmoving party to demonstrate the existence of a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(a); *Celotex*, 477 U.S. at 331.

Parties may cite to "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for the purposes of the motion only), admissions, interrogatory answers or other materials." Fed. R. Civ. P. 56(c)(1)(A). "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). "Although evidence may be considered in a form which is inadmissible at trial, the content of the evidence must be capable of admission at trial." *Bender v. Norfolk S. Corp.*, 994 F. Supp. 2d 593, 599 (M.D. Pa. 2014); *see also Pamintuan v. Nanticoke Mem'l Hosp.*, 192 F.3d 378, 387 n.13 (3d Cir. 1999) (noting that it is not proper, on summary judgment, to consider evidence that is not admissible at trial).

Here, the plaintiff contends that partial summary judgment is warranted because the defendants have failed to present any expert testimony contradicting the plaintiff's expert opinions that the plaintiff's left ankle injury, and the subsequent complications arising from that injury, were caused by the accident underlying this action. (Doc. 47). But

questions of causation are normally left to the jury. *See Kleinknecht v. Gettysburg Coll.*, 989 F.2d 1360, 1371 (3d Cir. 1993) ("Whether … defendant's negligent conduct was a substantial factor in bringing the plaintiff's harm is normally a question of fact for the jury, and should only be removed from the jury's consideration where it is clear, as a matter of law, that reasonable minds could not differ on the issue.") (quoting *Alumni Ass'n v. Sullivan*, 535 A.2d 1095, 1098 (Pa. Super. Ct. 1987)); *Rabadi v. Great Wolf Lodge of the Poconos LLC*, No. 3:15-CV-00101, 2016 WL 4238638, at \*4 (M.D. Pa. Aug. 9, 2016) (finding that the "question of proximate causation should be reserved for the jury and requires that this Court deny the motion for summary judgment."). Moreover, "[i]n the context of a claim for future medical expenses, the movant must prove, by expert testimony, not only that future medical expenses will be incurred, but also the reasonable estimated cost of such services." *Keifer v. Reinhart Foodservices, LLC*, 563 F. App'x 112, 116 (3d Cir. 2014) (quoting *Mendralla v. Weaver Corp.*, 703 A.2d 480, 485 (Pa. Super. Ct. 1997)). Although the plaintiff has presented expert testimony regarding the costs of medical expenses, we conclude that this factual determination is better left to the jury than to the court.

- 5 -

Accordingly, **IT IS HEREBY ORDERED THAT** the plaintiff's motion for partial summary judgment (Doc. 46) is **DENIED**.

Dated: July 14, 2026                           *s/Joseph F. Saporito, Jr.*
                                               JOSEPH F. SAPORITO, JR.
                                               United States District Judge